**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

INDIA ENGLE,

        Plaintiff,

v.

                                       CIVIL ACTION

                                       No: 09-2459-CM-GLR

TREGO COUNTY JUVENILE CENTER,
et.al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Appointment of Counsel (doc. 43), filed by *pro se* defendant Barry Mayfield. He requests that the Court appoint a lawyer to represent him in this case. He states he has made efforts to find a lawyer to represent him, but has been unable to obtain their services. He has attached a financial affidavit in support of his request for appointment of counsel.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a civil litigant, either plaintiff or defendant, has no right to appointment of counsel.[1] Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent *any person* unable to afford counsel."[2] The Tenth Circuit has set forth several factors the district court may consider in determining whether to appoint counsel under the *in forma pauperis* statute. Those factors are: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4)

---

[1] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[2] 28 U.S.C. § 1915(e)(1) (emphasis added).

the complexity of the legal issues raised by the claims.[3] Although the first factor may appear more applicable to civil plaintiffs, the rest of the factors can be applied to a defendant's request for appointment of counsel. This is consistent with other cases that have considered whether to appoint counsel for a civil defendant under 28 U.S.C. § 1915(e)(1). In *Parker v. Parker*, the court considered the defendant's ability to comprehend, investigate, and present his case, the complexity of relevant legal issues, and the defendant's ability to retain his own counsel.[4] In another case, *Waller v. Butkovich*,[5] the court considered a request for appointment of counsel by a group of *pro se* defendants. The court looked to the capacity of the defendants to present their defense, and the nature and complexity of the factual issues raised in the case. The court in *Thompson v. Lopatriello*[6] noted that the traditional factors used in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1) were not as meaningful when applied to civil defendants. It instead examined the ability of the defendant to present a defense. In all of these civil cases, the court denied the request of the *pro se* defendant for the appointment of counsel. Appointment of counsel for a civil defendant under 28 U.S.C. § 1915(e)(1) thus appears to be rare.

Based upon a review of Defendant Mayfield's Affidavit of Financial Status, the Court finds he has made a threshold showing that he cannot afford to pay for counsel. This, however, does not

---

[3]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[4]*See Parker v. Parker*, No. 4:07-CV-00074, 2008 WL 697416, at *2 (E.D. Mo. Mar. 13, 2008) ("pursuant to 28 U.S.C. § 1915(d) (2000), a court has broad discretion to appoint counsel to represent an indigent defendant, and may consider several factors in that vein, i.e. the party's ability to comprehend, investigate, and present his case; the complexity of relevant legal issues; and the party's ability to retain his own counsel.").

[5]584 F. Supp. 909, 947 (M.D. N.C. 1984).

[6]No. 2:06 cv 680 PGC, 2007 WL 582710, at *1 (D. Utah Feb. 21, 2007).

automatically entitle him to the appointment of counsel.[7] Once the Court finds that the requesting party cannot afford counsel, it then considers whether other circumstances warrant the appointment of counsel. In this civil case the requesting party is a defendant. The Court will consider his ability to comprehend, investigate, and present his defense, as well as the nature and complexity of the factual and legal issues raised in the case.

Considering the motion under these factors, the Court finds that the request for counsel should be denied. The Court finds no factual basis, either from the motion itself or otherwise, to support a finding that Defendant Mayfield lacks sufficient ability to comprehend, investigate, and present his own defense. The complaint contains the factual allegations against him clearly and in detail. Mr. Mayfield filed his answer (doc. 3) on December 9, 2009. He denied all the allegations contained in the complaint. He appeared at the telephone scheduling conference on July 27, 2010. The Court cannot find that he lacks sufficient intelligence to articulate his defense. He has demonstrated no inability to represent himself in this matter. In addition, the nature of the factual and legal issues raised by the Complaint do not appear so complex as to be beyond his ability to present a defense. He should benefit to some extent from the efforts of counsel for the co-defendants, whose legal interests and those of Defendant Mayfield overlap to some degree. The factual issues raised against him do not appear to be so complicated that a person of ordinary physical and mental capacities would be unable to represent himself fairly. The Court finds nothing to suggest that Mr. Mayfield is illiterate or that he lacks ordinary physical and mental capacities.

---

[7]*See id.* (holding that a party granted *in forma pauperis* status is not automatically entitled to appointed counsel under 28 U.S.C. § 1915(e)(1)). *See also* 28 U.S.C. § 1915(e)(1) ("[t]he court *may request* an attorney to represent . . . .") (emphasis added).

If it later appears that the Defendant indeed lacks the capacity to represent himself, the Court can reconsider its ruling.

IT IS THEREFORE ORDERED that Defendant Mayfield's Motion for Appointment of Counsel (doc. 43) is denied, as set forth herein.

Dated in Kansas City, Kansas on this 14th day of September, 2010.

<u>S/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge