# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| INDIA ENGLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> TREGO COUNTY JUVENILE CENTER, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | No. 09-2459-CM-GLR |

## **MEMORANDUM AND ORDER**

Plaintiff India Engle brings this action under 42 U.S.C. § 1983 and the Kansas Tort Claims Act ("KTCA"), Kan. Stat. Ann. § 75-6101 *et seq.*, against , among others, KVC Behavioral Healthcare, Inc. ("KVC") and Trego County Juvenile Center ("Trego"). Plaintiff claims that defendants were negligent and that defendants violated her constitutional rights while she was in state custody. The case is before the court on Separate Defendant KVC Behavioral Healthcare, Inc.'s Motion to Dismiss (Doc. 39) and Defendant Trego County Juvenile Center's Motion to Dismiss (Doc. 46). For the reasons that follow, the court takes defendants' motions under advisement and makes other orders, as set out below.

## I.  **Factual and Procedural Background**

This case arises from plaintiff's alleged abduction and rape while she was a juvenile in state custody. The factual background, drawn from plaintiff's complaint, is set out in more detail in a Memorandum and Order filed March 25, 2010, (Doc. 24), and need not be repeated here.

## II.     Judgment Standards

To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007); Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss for failure to state a claim, the court assumes as true all well-pleaded facts, as distinguished from conclusory allegations, and views those facts in the light most favorable to plaintiff.  *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007); *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

## III.    Discussion

Defendant Trego argues: (1) plaintiff's KCTA claim must be dismissed for failure to provide the notice required by Kan. Stat. Ann. § 12-105b(d); (2) plaintiff fails to allege that Trego acted under color of state law or, even if Trego is considered to have been performing a government function, plaintiff fails to allege the existence of any policy or custom that caused injury; (3) the generalized allegations fail to meet the pleading standards of Rule 8; and (4) any claims based on allegations occurring before August 31, 2007, are barred by the 2-year statute of limitations applicable to § 1983 claims.

Defendant KVC argues that (1) plaintiff fails to isolate KVC's allegedly unconstitutional actions or allege that KVC actually or personally participated in any constitutional violations of plaintiff's civil rights as required to state a claim under § 1983; (2) plaintiff cannot maintain a § 1983 action against KVC predicated on vicarious liability; and (3) plaintiff fails to satisfy basic pleading requirements as to the KTCA claim.

In response, plaintiff "recognizes that her [c]omplaint could be read as lacking some amount of factual detail." (Doc. 48, at 9.) She suggests, however, that limited discovery is necessary to determine this specific information. She asserts that the complaint's general reference to "defendants" incorporates all defendants; that the KCTA notice provision is inapplicable; and that the complaint is sufficient under Fed. R. Civ. P. 8 to put defendants on notice of the claims against them and that this is evidenced by the fact that defendants filed an answer to the complaint. She also asserts that she intends to amend her complaint prior to the deadline set out in the scheduling order.[1] She argues that dismissal at this point would be premature, and that dismissal, even without prejudice, would cause plaintiff irreparable harm because she would not be able to refile federal claims against defendants KVC and/or Trego. Plaintiff suggests that "the appropriate remedy" would be to allow plaintiff to amend her complaint.

This litigation has been pending for just over one year. Nearly six months ago, this court dismissed, without prejudice, plaintiff's § 1983 claims against another defendant on precisely the grounds raised in the instant motions. With the knowledge of the outcome of that motion, plaintiff could have sought leave to amend her complaint to avoid the same challenge from these defendants. She has not done so. And the request contained in her response to these motions is not a proper vehicle for seeking leave to do so.

Nevertheless, because courts generally prefer to evaluate claims on their merits, the court will permit plaintiff ten (10) days from the date of this order within which to file a motion for leave to amend in accord with Local Rule 15.1. *See, e.g., Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1273 (10th Cir. 2001) (noting court's preference for resolving claims on the merits).

---

[1] The Scheduling Order entered in this case sets a deadline of November 1, 2010, for filing motions to join parties or to otherwise amend pleadings. (Doc. 45, at 2.)

The court therefore will take defendants' pending motions to dismiss under advisement. *See*, *e.g.*, *Rio Grande Silvery Minnow v. Bur. of Reclamation*, 601 F.3d 1096, 1109–10 (10th Cir. 2010) (holding that the existence of a live case or controversy is a prerequisite to federal court jurisdiction, and a court is not authorized to render advisory opinions).

If plaintiff files a motion for leave to amend within this time, the court will review it and promptly issue a ruling. Should the court grant leave to amend, the court will deny the defendants' pending motions as moot, because a new complaint will be in effect. Such denial will be without prejudice: defendants may again file a motion to dismiss on the same, different, or additional grounds as contained in the present motions.

If plaintiff does not file an amended complaint within ten days, the court will issue a ruling on the pending motions.

We are in the early stages of this litigation. Discovery has only just begun, and the scheduling order has only just been entered. The deadline for amendments and joinder has not yet passed. The court does not believe that any party will be prejudiced by the case proceeding in this manner.

**IT IS THEREFORE ORDERED** that Separate Defendant KVC Behavioral Healthcare, Inc.'s Motion to Dismiss (Doc. 39) and Defendant Trego County Juvenile Center's Motion to Dismiss (Doc. 46) are taken under advisement.

**IT IS FURTHER ORDERED** that plaintiff will have ten (10) days from the date of this order within which to file a motion for leave to amend in accord with Local Rule 15.1. If plaintiff files a motion for leave to amend within this time, the court will review it and promptly issue a ruling. Should the court grant leave to amend, the court will deny the defendants' pending motions as moot. Such denial will be without prejudice: defendants may again file a motion to dismiss on the

same, different, or additional grounds as contained in the present motions. If plaintiff does not file an amended complaint within ten days, the court will issue a ruling on the pending motions.

Dated this 17th day of September 2010, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**