# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

INDIA ENGLE, )
 )
        **Plaintiff,** )
 )
v. )
 ) No. 09-2459-CM-GLR
 )
TREGO COUNTY JUVENILE CENTER, )
et al., )
 )
        **Defendants.** )
 )

## MEMORANDUM AND ORDER

Plaintiff India Engle brings this action under 42 U.S.C. § 1983 and the Kansas Tort Claims Act ("KTCA"), Kan. Stat. Ann. § 75-6101 *et seq.*, against, among others, KVC Behavioral Healthcare, Inc. ("KVC") and Trego County Juvenile Center ("Trego"). Plaintiff claims that defendants were negligent and/or that defendants violated her constitutional rights while she was in state custody. The case is before the court on Separate Defendant KVC Behavioral Healthcare, Inc.'s Motion to Dismiss (Doc. 39); Defendant Trego County Juvenile Center's Motion to Dismiss (Doc. 46); and Plaintiff's Motion for Leave to Amend Complaint (Doc. 62). For the reasons that follow, the court grants plaintiff's motion as set out below, and denies defendants' motions as moot.

## I.    Factual and Procedural Background

This case arises from plaintiff's alleged abduction while she was a juvenile in state custody. The factual background, drawn from plaintiff's original complaint, is set out in more detail in a Memorandum and Order filed March 25, 2010. (Doc. 24.)

The court recently issued an order taking defendants' dispositive motions under advisement and permitting plaintiff to file a motion for leave to amend in accord with Local Rule 15.1. *See, e.g., Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1273 (10th Cir. 2001) (noting court's preference for resolving claims on the merits). Plaintiff has timely filed her motion. This motion states her intent to "clarify parties and causes of action." Plaintiff attaches a proposed amended complaint to the motion.

Plaintiff's proposed amended complaint appears to replace a Jane Doe defendant with defendant Cynthia Smith, plaintiff's "case worker" or "case manager." Previously dismissed parties and all other Jane and John Does are removed. And the proposed amended complaint specifically alleges that defendants Trego and KVC were at all relevant times acting on behalf of the State of Kansas Department of Social and Rehabilitative Services ("SRS").

The factual allegations are substantially unchanged, with a few exceptions including the following:

• Plaintiff alleges that, upon her return to Kansas, she "met with her social worker and Guardian ad Litem briefly." It was previously alleged that she was told "by both of them" that because of her history of running, no one would believe her if she told the court she was abducted. In the proposed amended complaint, it merely alleges she was told, but does not specify by whom. (Doc. 1, at 7; Doc. 62-1, at 6.)

• At her court hearing, plaintiff asked "her case worker, believed to be defendant Smith"—rather than her Guardian Ad Litem—if she could speak to the judge, but was told no, and that speaking to the judge would only make things worse. (Doc. 62-1, at 7.)

• Allegations previously directed against "[t]he defendants" are directed at defendant Trego; allegations against "[t]he individual SRS and KVC employees" are directed at defendants KVC and Smith. (Doc. 1, at 8; Doc. 62-1, at 7–8.)

Plaintiff's proposed amended complaint sets out essentially four claims against defendant Trego, all of which arise under the KTCA. These include negligently hiring, training, and

supervising defendant Mayfield; negligent failure to establish or maintain access or security controls to prevent abduction; negligent failure to establish or maintain "movement protocols" to prevent abduction; negligent failure to establish or maintain "child grooming policies" to prevent inappropriate befriending; and negligent failure to intervene or protect.

The proposed amended complaint appears to assert that KVC was negligent under the KTCA and common law for failing to investigate the circumstances of plaintiff's "escape" before making misrepresentations to third parties, including the district court judge. Plaintiff asserts that this failure resulted in an additional 186 days in custody. Additionally, plaintiff asserts 42 U.S.C. § 1983 claims against defendant Smith in her individual capacity, and alleges that this liability inures to KVC under a theory of respondeat superior.

Finally, the amended complaint sets out § 1983 claims against defendant Mayfield for alleged violations of her rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments.

The only response in opposition to plaintiff's motion was filed by defendant KVC. KVC argues that the motion must be denied for failure to comply with Local Rule 15.1. KVC also argues that the proposed amendment is unduly delayed and/or is futile.

## II. Judgment Standards

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending pleadings. Where, as here, responsive pleadings have been served, a party may amend only by leave of court, and such leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The decision is entrusted to this court's discretion. *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 2949567, at *4 (D. Kan. July 30, 3008) (citing *Stewart v. Bd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003)). Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.

-3-

*Id.*

## III. Discussion

### A. Rule 15.1

Local Rule 15.1 requires that a party seeking leave to amend "set forth a concise statement of the amendment or leave sought" along with the proposed pleading. Plaintiff does not set forth a concise statement of the proposed amendments specific to the underlying complaint. Indeed, the motion merely states that plaintiff "requires an amendment to her complaint to clarify parties and causes of action." (Doc. 62, at 1); *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2008 WL 7708967, at *2 (D. Kan. Nov. 18, 2008). Nevertheless, defendants, as well as the court, are able to identify the modifications; and the court does not observe any undue prejudice resulting from plaintiff's perfunctory motion for leave.

### B. Delay

It is well-settled that untimeliness alone is sufficient reason to deny leave to amend the complaint, especially if plaintiff fails to offer an explanation for the delay. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (citing, *e.g.*, *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)). "Furthermore, '[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Id.* at 1366 (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

Plaintiff knew or should have known of the facts upon which her proposed amendments are based, and the defendants at whom the allegations are directed. Plaintiff fails to offer any explanation for her delay in setting forth these allegations. However, plaintiff's motion is not untimely. The court's deadline for filing such motions has not yet passed. The court acknowledges

defendant KVC's argument that such motions should be denied when they serve only to make the complaint "a moving target," or present "theories seriatim" in an effort to avoid dismissal. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998), and *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)). Here, although plaintiff's modifications are clearly designed to avoid dismissal, her proposed amended claims track the factual situations set forth in the original complaint. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994). The court therefore evaluates the proposed amended complaint to determine whether, on its face, it states a claim to relief that is plausible.

**C.     Futility**

A court may deny a proposed amendment on the basis of futility if the "amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted." *Stewart*, 216 F.R.D. at 664 (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992), and *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990)).

To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007); Fed. R. Civ. P. 12(b)(6). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the court assumes as true all well-pleaded facts, as distinguished from conclusory allegations, and views those facts in the light most favorable to plaintiff. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007); *Zinermon v.*

*Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

Defendants Trego and KVC, by way of their motions taken under advisement, seek dismissal on the basis that plaintiff fails to state a claim. More specifically, they argue plaintiff fails to provide the notice required by Kan. Stat. Ann. § 12-105b(d) for KTCA claims; fails to meet the pleading standards of Rule 8; and fails to plead essential elements of the § 1983 and KTCA claims. They also assert that § 1983 claims based on allegations occurring before August 31, 2007, are barred by the statute of limitations. The court addresses these arguments in light of the proposed amended complaint.

### *Statute of Limitations*

Plaintiff agrees with defendant Trego that liability cannot arise out of any conduct predating August 31, 2007; and plaintiff asserts that "plaintiff is not alleging any causes of action against any of the defendants in this case for conduct arising prior to August 31, 2007." Any such claims are therefore waived and dismissed.

### *Notice*

Under Kansas law, persons with tort claims against a municipality are required to give notice in accord with Kan. Stat. Ann. § 12-105b(d) before filing suit. Where applicable, the notice requirements are mandatory and are a condition precedent to this court's jurisdiction. *Miller v. Brunghart*, 904 F. Supp. 1215, 1217 (D. Kan. 1995). However, defendant Trego does not establish that it is a "municipality" as that term is defined by statute and thus fails to establish that it is entitled to § 12-105b(d) notice.[1]

---

[1] For purposes of the notice of claim statute, Kan. Stat. Ann. § 12-105b, a "municipality" means and includes "county, township, city, school district of whatever name or nature, community junior college, municipal university, city, county or district hospital, drainage district, cemetery district, fire district, and other political subdivision or taxing unit, and including their boards,
(continued...)

-6-

*Section 1983 Claims*

While plaintiff's original complaint failed to isolate the allegedly unconstitutional and/or negligent act or acts committed by defendants Trego or KVC, the proposed amended complaint is more clear: it eliminates all § 1983 claims against defendant Trego, and alleges that defendant KVC, on a theory of respondeat superior, deprived plaintiff of her right to due process when its employee, defendant Smith, failed to accurately determine or relate the circumstances of plaintiff's abduction.

To state a § 1983 claim, plaintiff must plead that a defendant, through his or her individual actions under color of state law, caused a deprivation of plaintiff's federal rights. The court finds that plaintiff fails to allege facts to support the essential elements of her § 1983 claims against defendant KVC.

Even assuming without deciding that defendant Smith is a "person" within the meaning of § 1983, and that she was acting "under color of law" at times relevant to plaintiff's complaint, and that she violated plaintiff's constitutional rights, a governmental entity is not liable solely because its employee is a tortfeasor; supervisory liability does not arise under § 1983 solely under a theory of respondeat superior. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). And there is no allegation that the allegedly unlawful conduct arose from the implementation of defendant KVC's policies or customs, or that defendant was the moving force behind plaintiff's alleged injuries. *See Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397 (1997). Plaintiff's vicarious § 1983 claim or claims against defendant KVC fails as a matter of law.

*Sufficiency of Complaint*

---

[1] (...continued)
bureaus, commissions, committees and other agencies, such as, but not limited to, library board, park board, recreation commission, hospital board of trustees having power to create indebtedness and make payment of the same independently of the parent unit." Kan. Stat. Ann. § 12-105a.

The remaining allegations include negligent failure to investigate and negligent misrepresentation by KVC and defendant Smith; KTCA claims against defendant Trego; and claims against defendant Mayfield. On the face of the proposed amended complaint, these do not appear to be clearly futile. *Stewart*, 216 F.R.D. at 664 (stating that "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper."). Nor does the court believe that defendant KVC is entitled to immunity at this stage.[2] Therefore, the court will permit plaintiff leave to amend her complaint. In accord with the court's September 17, 2010 Memorandum and Order, the defendants' motions to dismiss are denied without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend Complaint (Doc. 62) is granted. Plaintiff must file an amended complaint, consistent with the rulings contained herein, within ten days of the date of this order.

**IT IS FURTHER ORDERED** that Separate Defendant KVC Behavioral Healthcare, Inc.'s Motion to Dismiss (Doc. 39) and Defendant Trego County Juvenile Center's Motion to Dismiss (Doc. 46) are denied without prejudice as moot.

Dated this 20th day of October 2010, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

---

[2] The burden of establishing immunity is on the governmental entity or employee; and liability is the rule while immunity is the exception. *See Hopkins v. State*, 702 P.2d 311 (Kan. 1985). Under Kan. Stat. Ann. § 75-6104(e), a governmental entity or employee acting within the scope of their employment is not liable for negligent or wrongful acts or omissions arising from the exercise of a discretionary function or duty. The proper test for applying the discretionary function exception looks "to the nature and quality of the discretion exercised . . . [or] whether the act in question is one the legislature intended to shield from liability." *See McCormick v. Bd. of County Comm'rs of Shawnee County*, 35 P.3d 815, 830 (Kan. 2001). Defendant KVC offers no evidence of the nature or quality of the discretion allegedly exercised. Thus, the court cannot grant immunity to KVC or any defendant under the KTCA at this stage of the litigation.